# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| SUNBELT RENTALS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:20-cv-00319 |
| BTE USA, LLC et al., | ) ) | JUDGE CAMPBELL |
| Defendants. | ) ) | MAGISTRATE JUDGE NEWBERN |

## **MEMORANDUM**

Pending before the Court is a Motion for Summary Judgment filed by Plaintiff Sunbelt Rentals, Inc. ("Sunbelt"). (Doc. No. 39). Defendant BTE USA, LLC ("BTE") has not filed a response. Sunbelt filed a reply (Doc. No. 46). For the reasons discussed below, Sunbelt's motion will be **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Sunbelt rents equipment to its customers for use primarily in construction projects. (Doc. No. 1 ¶ 8). BTE is a general contractor. (*Id*. ¶ 9). In 2019, Billy Woodard, President of BTE, executed on BTE's behalf a Sunbelt online credit application (the "Application"). (Doc. No. 41 ¶ 1).[1] Sunbelt's approval of the Application established an open account through which BTE could rent equipment from Sunbelt on credit (Doc. No. 41 ¶ 3), and the terms governing the open account ("Open Account Terms") (Doc. No. 39-3) incorporated all of the terms of Sunbelt's rental contract ("Rental Contract") (Doc. No. 39-4). During 2019, Sunbelt rented certain equipment to BTE and BTE did not fully pay Sunbelt the rental charges for the equipment. (Doc. No. 41 ¶¶ 6-7).

---

[1] Under Local Rule 56.01(f), the asserted facts in a moving party's statement of material facts are deemed undisputed for purposes of summary judgment if a timely response is not filed.

On April 14, 2020, Sunbelt filed suit against BTE, alleging breach of contract, enforcement of lien, and unjust enrichment. (Doc. No. 1). On December 31, 2020, Sunbelt moved for summary judgment on its breach of contract claim or in the alternative for unjust enrichment. (Doc. No. 40).

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.* In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.*

## III. ANALYSIS

To establish a breach of contract under Tennessee law, a plaintiff must show "(1) the existence of an enforceable contract, (2) non-performance amounting to a breach of the contract, and (3) damages caused by the breached contract." *Nw. Tenn. Motorsports Park, LLC v. Tenn. Asphalt Co.*, 410 S.W.3d 810, 816–17 (Tenn. Ct. App. 2011).

Sunbelt argues that the first element is satisfied because it is undisputed that the Open Account Terms and Rental Contract together constitute the parties' valid and enforceable contractual agreement (the "Agreement"). (Doc. No. 40 at 4; Doc. No. 39-1 ¶¶ 7-8). Sunbelt argues that the second element is satisfied because it is undisputed that BTE did not fully pay Sunbelt the amounts due under the Agreement. (Doc. No. 40 at 4; Doc. No. 41 ¶ 7). Sunbelt argues that it has also satisfied the third element, producing evidence that it has suffered damages totaling $98,455.94 in unpaid rental charges as a result of BTE's breach. (Doc. No. 40 at 4 (citing Doc. No. 39-1 ¶ 13; Doc. No. 39-6).

BTE has not responded to or raised any argument against Sunbelt's motion for summary judgment. As it is undisputed that BTE did not comply with the terms of the parties' valid and enforceable Agreement and that nonperformance caused Sunbelt to suffer damages, the Court finds that Sunbelt is entitled to summary judgment on its breach of contract claim.

Sunbelt asserts that, pursuant to the Agreement, it is entitled to recover a 1.5% service charge, attorneys' fees, and related amounts. (Doc. No. 40 at 4 (citing Doc. No. 39-1 ¶ 8; Doc. No. 39-3 at 2). To determine the proper amount of judgment, Sunbelt shall file a statement of damages that includes the 1.5% service charge.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE